## HARDIE VS. MILLS.

The transfer of a bond by delivery merely, is no assignment thereof within the meaning of the statute, so as to vest the legal title in the holder, and authorize him to sue in his own name by petition in debt.

*Appeal from Prairie Circuit Court.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

WILLIAMS & WILLIAMS, for the appellant.

The instrument sued on is a bond, and there is no way by which a man could become the legal holder, or acquire a right of action in his own name, but by assignment in writing. The proceedings by petition and summons under the statute, is essentially an action of debt, and subject to all the rules of law governing rights of action. (*Mitchell vs. Walker*, 4 *Ark.* 145; 1 *Eng.* 255.) The statute requires, that where the plaintiff holds as assignee, he must set out the assignment. *Dig.*, *chap.* 123, *sec.* 3.

McCONAUHEY for the appellee.

· This was an informal suit under our statute, which gives the *holder* of a note the right to file his petition, by himself or his attorney. *Dig. chap.* 123, *secs.* 1, 2, 3. The averment that it was transferred by delivery is sufficient. 4 *Eng.* 219; 15 *Ark.* 511. Our statute makes no distinction between bonds and notes, (15 *Ark.* 419; *Ib.* 511,) and will not regard those technical distinctions when the note is copied in the petition. 7 *Eng.* 171; 6 *Eng.* 289.

10

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

*Debt*, by petition and summons. Demurrer sustained to the original petition, and an amended petition filed as follows:

" In the Prairie Circuit Court," etc. Your petitioner, John W. Mills, the plaintiff in this suit, states that he is the holder and owner of a bond against the defendant, M. N. Hardie, to the following effect:

BROWNSVILLE, ARK., *April* 10*th*, 1855.

One day after date, I promise to pay Jackson & Mills, or order, the sum of one hundred and seventy-five dollars and twenty-six cents, for value received, with interest from date at the rate of ten per cent. per annum.

M. N. HARDIE. [SEAL.]

Which bond, for a valuable consideration, was transferred, by delivery, to said plaintiff: yet the debt remains unpaid, therefore he demands judgment for his debt, and damages for the detention thereof, together with his costs."

The defendant demurred to the petition on the grounds that it failed to show a cause of action in the plaintiff: that the bond sued on was made payable to *Jackson & Mills*, and the petition averred no *assignment* thereof to the plaintiff, etc. The Court overruled the demurrer, the defendant rested thereon, permitted final judgment to be rendered against him, and appealed.

By the common law, bonds were not negotiable. By our statute they may be transferred by assignment so as to vest the legal title and the right of action in the assignee. *Gould's Dig.*, *chap.* 15, *and notes*. The transfer of a bond by *delivery* merely is no *assignment* thereof within the meaning of the statute.

The bond sued on was made payable to *Jackson & Mills*. If for a valuable consideration, they tranferred it by delivery to the appellee, as alleged in his petition, he thereby acquired the *equitable*, but not the *legal title* to the instrument. That he could not have brought an action upon it, in the ordinary common law form, in his own name, is very clear. But his counsel insists, and the Court below seems to have held, that being

the holder of the bond, he could bring debt by petition and summons upon it, in his own name, under the statute (*Gould's Dig., chap.* 130,) without having the legal title to the bond, etc. But there is nothing in the statute to warrant this conclusion, and such has not been the practice.

The first section provides that any person being the *legal owner or holder* of any bond, bill, note, etc., etc., may sue thereon, etc., by petition in debt, etc.

The third section provides that if the plaintiff be the owner of the bond or instrument sued on, as *assignee*, the fact of the *assignment* shall be stated in the petition, etc. It is also provided that executors or administrators may sue in this form of action upon instruments made payable or assigned to their testators and intestates, by setting out in the petition the representative capacity in which they sue, etc.

In this case the appellee should have brought the suit in the name of *Jackson & Mills*, for his use, or, suing in his own name, he should have showed that the legal title to the bond had been transferred to him.

The judgment is reversed and the cause remanded.